826 F.2d 1071
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Leonard A. MOSLEY, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 Appeal No. 87-3194.
 United States Court of Appeals, Federal Circuit.
 July 10, 1987.
 
 Before DAVIS, BISSELL and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (MSPB or Board), MSPB Docket No. DA07528510133, reaffirming on remand petitioner's removal from his position with respondent, is affirmed.
 
 OPINION
 
 2
 On August 28, 1986, in an unpublished opinion, this court sustained the MSPB's findings and conclusion that petitioner's misconduct (an altercation with another employee) had a proper nexus to the efficiency of the service and warranted a sanction. However, we remanded the penalty of removal for reconsideration of the Board in view of the fact that an arbitrator had refused to remove Howard, the other party to the altercation. The full MSPB then determined that the arbitration decision (with respect to Howard) did not require mitigating petitioner's penalty of removal. This latest decision points out that the arbitrator had held, in Howard's case, that "[petitioner] and the other employee were not similarly situated because [petitioner's] misconduct was more serious"--and therefore that the arbitrator's determination did not provide any basis for reducing the sanction against Mosley. Substantial evidence supports this conclusion, and there was no abuse of discretion. The arbitrator's opinion shows that he refused to remove Howard because (a) he believed Howard's evidence that Mosley provoked the altercation (and disbelieved Mosley's contrary testimony), (b) he believed petitioner's actions toward Howard constituted extreme provocation and were life-threatening; and (c) Howard did not act provocatively in the way Mosley did nor did he carry a gun to the place of the final altercation. The short of it is that the arbitrator found that Mosley was the provocateur throughout and Howard was merely responding to that provocation. That is ample basis for the Board to differentiate Mosley's penalty of removal from Howard's reinstatement (by order of the arbitrator). There is no reason for us to overturn the MSPB's decision.